UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON MARTEL BEAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **2:23-CV-08041-SLB** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

This case is currently pending before the court on Petitioner Brandon Martel Bean's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1; Crim. Doc. 13).[1] Mr. Bean seeks to vacate his sentence on three grounds: (1) ineffective assistance of counsel; (2) due process; and (3) "18 U.S.C. § 922(g)(1) is unconstitutional" due to his right to bear arms. *Id.* After careful review of Petitioner's motion and the record, the motion to vacate is due to be denied and this action dismissed.

---

[1] Citations to documents in the court's record in petitioner's motion to vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:21-CR-00127-SLB-HNJ-1, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

## BACKGROUND

On December 27, 2020, Brandon Martel Bean "knowingly possess[ed] a firearm and ammunition, that being, a Diamondback Firearms AR-style semi-automatic rifle and approximately 15 rounds of .223 ammunition, that was in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1)." (Crim. Doc. 1 at 1-2). Prior to this arrest, Bean held convictions for multiple felonies, including, but not limited to, "Discharging a Firearm into an Occupied Dwelling," "Possession of Cocaine," "Theft of Property, Second Degree," and "Felon in Possession of a Firearm." (*Id*. at 2). Bean served 52 months for the felon in possession of a firearm charge, and at the time of his arrest for the instant offense, Bean had a pending revocation of supervised release before this court. (Crim. Doc. 2 at 4-5).

Bean pled guilty to the instant offense and waived his right to prosecution by Indictment, consequently consenting to prosecution by Information. (Crim Doc. 2; Crim. Doc. 4). On September 8, 2021, this court sentenced Bean to 64 months in custody to run consecutively to the sentence imposed in the previous federal case, 2:13-cr-0127-SLB, to be followed by 36 months supervised release. (Crim. Doc. 11). The court entered final judgment in this action on September 16, 2021. (*Id*.).

**DISCUSSION**

A one-year statute of limitation applies to a motion filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The limitation period starts "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction was entered on September 16, 2021, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on September 30, 2021. *See*, *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed, judgment of conviction is final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Petitioner signed the present motion on December 4, 2023, and the Clerk docketed the motion on December 11, 2023. (Doc. 1 at 12; Crim. Doc. 13 at 12). As Petitioner filed his § 2255 motion over two years after his conviction became final, the motion's grounds based on ineffective assistance of counsel and due process are untimely.

When filing a motion under 28 U.S.C. § 2255 based on newly recognized Supreme Court precedent, the one-year statute of limitations begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (*See,* 28 U.S.C. § 2255(f)(3)). Petitioner relies on *New York State Rifle & Pistol Ass'n v. Bruen.* 597 U.S. 1 (2022). As the Supreme Court

reached its decision in *Bruen* on June 23, 2022, Petitioner filed this motion approximately six months after the expiration of the limitation period and again, Petitioner's motion is untimely. (Doc. 1; Crim. Doc. 13). However, as the Eleventh Circuit reached a decision regarding the applicability of *Bruen* to convicted felons as a matter of first impression *following* the filing of this motion, the court will address Eleventh Circuit precedent to eliminate any potential future uncertainties. (*See United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024)).

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Bruen*, the Supreme Court established that, "ordinary, law-abiding citizens have a . . . right to carry handguns publicly for their self-defense." *Bruen*, 597 U.S 1, 9 (2022) (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010)). The Court noted, "[t]he Second Amendment guaranteed to "all Americans" the right to bear commonly used arms in public *subject to certain reasonable, well-defined restrictions*. *Id.* at 2156 (citing *Heller,* 554 U.S. at 581 (emphasis added)).

The Eleventh Circuit's decision in *United States v. Rozier* established that the federal prohibition on felons possessing firearms did not violate the Second Amendment. *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). This year, the Eleventh Circuit examined whether the Supreme Court ruling in *Bruen* abrogated

4

*Rozier*. *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). The *Dubois* court found *Rozier* remained binding precedent, stating, "[w]e require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1). Because *Rozier* binds us, Dubois's challenge based on the Second Amendment necessarily fails." *Id.* at 1293.

Like *Dubois*, Bean is not a law-abiding citizen. He does not rely on a new rule of constitutional law and has not shown how the Supreme Court's holding in *Bruen*, relating to rights of "ordinary, law-abiding, adult citizens" to carry handguns publicly for their self-defense, is applicable to the prohibition of convicted felons to carry handguns as established in § 922(g)(1). Most detrimental to Bean's argument, Bean waived his right to challenge his conviction "under 28 U.S.C. § 2255 and any argument that the statute to which [he was] pleading guilty is unconstitutional." (Doc. 2 at 7). *Bruen* did not address the constitutionality of the statute Bean pleaded guilty to, nor does it recognize a new right retroactively applicable to Bean's case.

Even if Bean had not waived his right to appeal on constitutional grounds, his motion is untimely, and the binding precedent of this Circuit instructs that the holding in *Bruen* does not apply to convicted felons. *See generally* 28 U.S.C. § 2255; *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024).  For reasons foregoing, the court will DENY Mr. Bean's motion to vacate his sentence. (Doc. 1; Crim. Doc. 13).

An Order denying Petitioner's motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 16th day of July, 2024.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE